IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
| v. | : | |
| TARIQ MITCHELL | : | NO. 10-146-1 |

MEMORANDUM

Bartle, C.J.                                              May 6, 2011

Defendant Tariq Mitchell ("Mitchell") pleaded guilty to two counts of possession with intent to distribute cocaine base ("crack"), two counts of possession with intent to distribute heroin, and one count of possession of a firearm in furtherance of a drug trafficking offense. Before the court is the second motion of Mitchell to withdraw his guilty plea.

Mitchell initially entered his plea of guilty on October 27, 2010, after jury selection on the first day of his criminal trial. He filed a motion to withdraw his guilty plea on November 5, 2010. On February 4, 2011, this court held a hearing regarding his motion. At the hearing and after taking testimony Mitchell declared that he wished to withdraw his motion. Based on his statement, made in open court, we marked the motion withdrawn.

A defendant has no "'absolute right'" to withdraw his plea of guilty. See, e.g., United States v. Trott, 779 F.2d 912, 915 (3d Cir. 1985) (quoting Government of Virgin Islands v.

Berry, 631 F.2d 214, 219-20 (3d Cir. 1980)). Instead, the defendant bears the burden of demonstrating a "fair and just reason" for the withdrawal. Fed. R. Crim. P. 11(d)(2)(B). In determining whether the purported reason is "fair and just," this court must consider three factors: (1) whether Mitchell asserts actual innocence; (2) the strength of his reasons for withdrawing the plea; and (3) whether the withdrawal would result in prejudice to the government. Berry, 631 F.2d at 220.

Where a defendant seeks to withdraw his guilty plea based on ineffective assistance of counsel, he must demonstrate that his attorney's advice was "unreasonable under prevailing professional norms" and that he suffered "sufficient prejudice" as a result. United States v. Day, 969 F.2d 39, 42, 44 (3d Cir. 1992). As our Court of Appeals has stated, "[a] shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." United States v. Brown, 250 F.3d 811, 815 (3d Cir. 2001).

Mitchell has not asserted his innocence. Furthermore, he not produced any credible evidence in support of his claims that he was coerced into signing the plea agreement and that his counsel was ineffective. At his change of plea hearing on October 27, 2010, this court engaged Mitchell in a lengthy

colloquy regarding the factual basis for his guilty plea and his understanding of the consequences of pleading guilty. He conceded his guilt, and the court found he knowingly and voluntarily waived his right to a trial. Because Mitchell initially entered his guilty plea on the day of trial, after counsel selected jurors and assembled witnesses, and now seeks to withdraw his plea less than two weeks before sentencing, any withdrawal would result in prejudice to the government.

Accordingly, the motion of Mitchell to withdraw his guilty plea will be denied.