IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| TARIQ MITCHELL | : | NO. 10-146-1 |

MEMORANDUM

Bartle, C.J.                                                      May 26, 2011

Before the court is the motion of defendant Tariq Mitchell ("Mitchell") "for a status hearing to remove Attorney [Eugene] Tinari." This is in effect his second motion to remove Tinari for ineffective assistance of counsel.

Defendant was initially represented by Jack McMahon, Esquire, who was privately retained. He later filed a pro se motion to terminate McMahon. After this court granted the motion of McMahon to withdraw as counsel, defendant retained Tinari.

Less than two weeks before sentencing, the defendant moved to terminate Tinari for ineffective assistance of counsel. We held a hearing on the motion. At the hearing, we engaged Mitchell in a lengthy colloquy regarding his knowledge of the law, his understanding of the charges against him and the sentence he faced, and his ability to proceed pro se. We also granted the defendant time to discuss with Tinari the perceived deficiencies in representation. At the conclusion of the

hearing, Mitchell stated that he wished to proceed with Tinari as counsel. We continued the sentencing for one week.

The instant motion followed. According to defendant, Tinari failed to consult with him regarding his case. As a result, defendant was deprived "of the ability to intelligently wieght [sic] the advantages of proceeding to trial versus the advantages of pleading guilty."

Our Court of Appeals has created a two-prong test to determine whether a court should grant a defendant's request on the eve of trial to terminate counsel:

> First, the court must decide if the reasons for the defendant's request for substitute counsel constitute good cause and are sufficiently substantial to justify a continuance of the trial in order to allow new counsel to be obtained. This should involve at least some inquiry as to the reason for defendant's dissatisfaction with his existing attorney. Following such inquiry, if the court determines that good cause for substitution of counsel does not exist, the defendant then is left with the choice of continuing with existing counsel or proceeding to trial pro se.

Government of Virgin Islands v. James, 934 F.2d 468, 470 (3d Cir. 1991) (citing McMahon v. Fulcomer, 821 F.2d 934, 942 (3d Cir. 1987; United States v. Welty, 674 F.2d 185, 187 (3d Cir. 1982)).

Mitchell's proffered reasons for requesting new counsel do not constitute good cause. We have previously denied Mitchell's multiple requests to withdraw his guilty plea, which were made both pro se and with the representation of Tinari. The

appointment of new counsel would not change those decisions. Mitchell initially pleaded guilty on October 27, 2010 and the sentencing has been postponed several times. Accordingly, a further continuance of the sentencing would not be justified.

At the hearing in connection with Mitchell's first request to remove Tinari, we gave Mitchell the option of proceeding pro se. Mitchell elected to continue with Tinari as counsel. He cannot now seek to change that decision, only days before sentencing. His strategy is simply to engage in unjustified delay. See, e.g., United States v. Leveto, 540 F.3d 200, 207 (3d Cir. 2008).

Accordingly, the motion of defendant for a "status hearing to remove Attorney Tinari" is being denied.