IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
| v. | : | |
| TARIQ MITCHELL | : | NO. 10-146-1 |

MEMORANDUM

Bartle, C.J.                                                           May 26, 2011

       Defendant Tariq Mitchell ("Mitchell") pleaded guilty to two counts of possession with intent to distribute cocaine base ("crack"), two counts of possession with intent to distribute heroin, and one count of possession of a firearm in furtherance of a drug trafficking offense. Before the court is the third motion of Mitchell to withdraw his guilty plea.

       Mitchell initially entered his plea of guilty on October 27, 2010, after jury selection on the first day of his criminal trial. He filed his first motion to withdraw his guilty plea on November 5, 2010. On February 4, 2011, this court held a hearing regarding the motion. After extensive testimony, Mitchell declared that he wished to withdraw his motion. Accordingly, we marked the motion withdrawn.

       On May 3, 2011, Mitchell filed a second motion to withdraw his guilty plea. In support of his motion, Mitchell declared that he had received ineffective assistance of counsel and that he had been coerced into signing the plea agreement. He also alleged that "[t]here are issues in Petitioners Defense that

could grant Petitioner release at trail [sic]." However, he did not provide any details regarding the substance of those issues. In a Memorandum and Order, we denied the motion. We then held a hearing on May 17, 2011 in connection with Mitchell's claim of ineffective assistance of counsel. At the hearing, this court engaged Mitchell in a colloquy regarding his knowledge of the law and ability to proceed pro se. We also granted Mitchell time to discuss his issues with his counsel, Eugene Tinari, Esquire.[1] At the conclusion of the hearing, Mitchell stated that he wanted to proceed with representation by Tinari. We continued the sentencing a week to allow Mitchell additional time to work with Tinari.

On May 24, 2011, two days before his postponed sentencing, Mitchell filed his third motion to withdraw his guilty plea. As we previously stated, a defendant must demonstrate a "fair and just reason" in order to withdraw his guilty plea. Fed. R. Crim. P. 11(d)(2)(B). This court must consider three factors: (1) whether Mitchell asserts his actual innocence; (2) the strength of his reasons for withdrawing the plea; and (3) whether the withdrawal would result in prejudice to the government. Government of Virgin Islands v. Berry, 631 F.2d 214, 220 (3d Cir. 1980). Where a defendant seeks to withdraw his

---

1. Tinari is the third attorney to represent Mitchell. Mitchell previously filed a motion to terminate for ineffective assistance his first counsel, Jack McMahon, Esquire, who was privately retained. We granted McMahon's subsequent motion to withdraw. We then appointed Carina Laguzzi, Esquire to represent him. Shortly thereafter, Mitchell retained Tinari.

plea of guilty due to ineffective assistance of counsel, he must demonstrate that (1) his attorney's advice was "unreasonable under prevailing professional norms" and (2) that he suffered "sufficient prejudice" as a result.  United States v. Day, 969 F.2d 39, 42, 44 (3d Cir. 1992).

We reiterate our finding that Mitchell knowingly and voluntarily pleaded guilty after a lengthy colloquy regarding his rights and the factual basis for his plea.  Mitchell's several motions to withdraw his guilty plea are simply a strategy for delay.  The government will be prejudiced by any further hearing on this issue.

In support of this third motion to withdraw, Mitchell argues that counsel was ineffective for failing to investigate whether Mitchell possessed firearms "in furtherance of" drug trafficking, in violation of 18 § U.S.C. 924(c)(1).  Our Court of Appeals has instructed that "the mere presence of a gun is not enough."  United States v. Sparrow, 371 F.3d 851, 853 (3d Cir. 2004).  Instead, this court must consider the following factors: (1) the type of weapon possessed; (2) the nature of the drug activity in question; (3) the accessibility to the defendant of the firearm; (4) whether the weapon is stolen; (5) whether the defendant possessed the gun legally or in an illicit manner; (6) whether the gun contains ammunition; (7) the proximity to the drugs or drug profits; and (8) the circumstances under which the gun is discovered.  Id. (citing United States v. Ceballos-Torres, 218 F.3d 409, 414-15 (5th Cir. 2000)).

The superseding indictment charges Mitchell with two counts of possession of a firearm in furtherance of drug trafficking. At his change of plea hearing, the government recited the following summary of the facts. Mitchell agreed, under oath, that these facts were accurate.

On October 30, 2009, Mitchell was arrested while in possession of over fifty clear plastic packets containing crack cocaine and heroin. Law enforcement officers found five firearms in a safe in Mitchell's home. Mitchell's birth certificate was also discovered in the safe, along with various drug packaging paraphernalia. Furthermore, two green plates covered with white residue which was later determined to be cocaine were found in the bedroom where the firearms were located. While there was no evidence that these firearms were stolen, one had an illegally sawed-off barrel. Two of the guns were loaded.

On February 12, 2010, Mitchell was again arrested. Law enforcement officers discovered a firearm and multiple plastic packets of heroin hidden together beneath the air bag compartment. The firearm was stolen and loaded with ammunition. There was an outstanding federal warrant for Mitchell's arrest in connection with the October 30, 2009 incident.

The circumstances surrounding both these incidents weigh strongly in favor of a finding that the firearms in issue were possessed in furtherance of drug trafficking activity. Accordingly, counsel was not ineffective for failing to explore this issue further.

The February 12, 2010 charge for possession of a firearm in furtherance of a drug trafficking offense carried a mandatory minimum of twenty-five years imprisonment to run consecutively with any other sentence imposed.  In connection with the other five counts in the superseding indictment, Mitchell faced a maximum sentence of life imprisonment and a ten year mandatory minimum sentence to run consecutive to any other sentence imposed.

In return for his plea of guilty, the government agreed to dismiss the February 12, 2010 charge for possession of a firearm in furtherance of a drug trafficking offense.  Mitchell entered into a plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.  Under this agreement, the parties stipulated to a term of fifteen years' imprisonment.  Given the strong weight of the evidence that Mitchell possessed the firearms in furtherance of drug trafficking and the lengthy sentence he faced if convicted, counsel's advice regarding the guilty plea was not "unreasonable under prevailing professional norms."  Day, 969 F.2d at 44.

Accordingly, the third motion of Mitchell to withdraw his guilty plea is being denied.