```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :       CRIMINAL ACTION
                                :
            v.                  :
                                :
TARIQ MITCHELL                  :       NO. 10-146
```

MEMORANDUM

Bartle, J.                                              August 21, 2012

Before the court is the motion of defendant Tariq Mitchell ("Mitchell") to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has also filed a motion to dismiss Mitchell's § 2255 motion.

Mitchell pleaded guilty on October 27, 2010 to two counts of possession with intent to distribute cocaine base ("crack"), two counts of possession with intent to distribute heroin, and one count of possession of a firearm in furtherance of a drug trafficking offense. See 18 U.S.C. § 924(c); 21 U.S.C. §§ 841(a)(1), (b)(1)(C). Pursuant to the plea agreement, the government agreed to dismiss count six of the superseding indictment, which charged Mitchell with a second count of possession of a firearm in furtherance of a drug trafficking offense. See 18 U.S.C. § 924(c). That count carried a 25-year consecutive mandatory minimum sentence.

On May 26, 2011, the court sentenced Mitchell to 180 months' imprisonment. The court had found the advisory sentencing guideline range to be 132-138 months. However, the

court imposed a sentence of 180 months' imprisonment pursuant to the parties' stipulation in the plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.  This sentence was significantly lower than the applicable guideline range of 432-438 months which would have applied had the government not agreed to dismiss count six of the superseding indictment.

In his plea agreement, Mitchell agreed that he would neither appeal nor present any collateral challenge to his convictions or sentence, except under limited circumstances. Specifically, the waiver provided:

> In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.  This waiver is not intended to bar the assertion of constitutional claims that the relevant case law holds cannot be waived.
>
> a. Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.
>
> b. If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal but may raise only claims that:
>
> (1) the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth in paragraph 6 above;

>     (2) the sentencing judge erroneously departed
>     upward pursuant to the Sentencing Guidelines;
>     and/or
>
>     (3) the sentencing judge, exercising the
>     Court's discretion pursuant to United States
>     v. Booker, 543 U.S. 220 (2005), imposed an
>     unreasonable sentence above the final
>     Sentencing Guideline range determined by the
>     Court.

Waivers of appellate rights, if entered into knowingly and voluntarily, are valid.  See United States v. Khattak, 273 F.3d 557, 562 (3d Cir. 2001).  However, "[t]here may be an unusual circumstance where an error amounting to a miscarriage of justice may invalidate the waiver."  Id.

The initial question before us is whether Mitchell's waiver of his right to appeal or collaterally attack his sentence was knowing and voluntary.  Prior to accepting Mitchell's plea, the court held a hearing to review the plea agreement.  See Fed. R. Crim. P. 11(b).  In that hearing, this court verified that Mitchell had read and understood the plea agreement, discussed it with counsel, and understood the rights he was relinquishing by pleading guilty.  We previously found that Mitchell's guilty plea was knowing and voluntary.  See United States v. Mitchell, No. 10-146, 2011 WL 1743499, at *1 (E.D. Pa. May 6, 2011).  We see no reason to reach a different conclusion now.

The agreement signed by Mitchell, as noted above, included certain exceptions to the waiver of any appeal.  See United States v. Jackson, 523 F.3d 234, 244 (3d Cir. 2008).  None of the three exceptions is implicated here.  The government did

not file an appeal.  The term of imprisonment the court imposed was less than the statutory maximum, which was lifetime imprisonment, and did not represent an upward departure from the applicable guideline range.  Instead, it was the sentence to which the parties agreed and which this court was bound to impose once it had accepted the plea agreement under Rule 11(c)(1)(C).  See United States v. Bernard, 373 F.3d 339, 343 (3d Cir. 2004).  Moreover, the sentence imposed was well below the guidelines range that would have been applicable had the government not dismissed count six.

Finally, enforcing the waiver would not result in a miscarriage of justice.  We have already determined that Mitchell understood the agreement and was not entitled to withdraw his guilty plea.  See United States v. Mitchell, No. 10-146, 2011 WL 2066657, at *2-3  (E.D. Pa. May 26, 2011).  The plea agreement conferred on Mitchell a substantial benefit, that is, avoidance of a possible 25-year consecutive mandatory minimum sentence in addition to the other penalties he faced.  The "unusual circumstances" contemplated by Khattak are simply not present here.  Khattak, 273 F.3d at 563.

Accordingly, the motion of Mitchell under § 2255 will be denied.  A certificate of appealability will not issue.[1]

---

1. Because the "motion and the files and records of the case conclusively show" that Mitchell is not entitled to relief, an evidentiary hearing is not required.  28 U.S.C. § 2255(b); see also Solis v. United States, 252 F.3d 289, 295 (3d Cir. 2001).