```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| TARIQ MITCHELL | : | NO. 10-0146 |

MEMORANDUM

Bartle, J.                                            September 2, 2020

Before the court is the pro se Motion of Defendant Tariq Mitchell for Compassionate Release under 18 U.S.C. § 3582(c), as amended by the First Step Act ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194 (2018).[1]

I

The Philadelphia Police Department arrested Mitchell on October 30, 2009 after he was found in possession of 27 packets of heroin, 33 packets of crack cocaine, four handguns, two of which were loaded, a sawed-off shotgun, and numerous rounds of ammunition. On March 11, 2010, a federal grand jury returned a three-count Indictment against Mitchell for possessing crack cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1), possessing heroin with the intent to distribute, also in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm

---

1. The request of Mitchell for this court to appoint counsel in connection with the Motion for Compassionate Release will be denied as without merit.

in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).

Following his October 30, 2009 arrest, while released on bail, Mitchell was again arrested on February 12, 2010 in possession of crack cocaine, heroin, and a loaded handgun.  On July 28, 2010, the grand jury returned a six-count Superseding Indictment against Mitchell now containing two counts of possessing crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), two counts of possessing heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and two counts of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).

Mitchell pleaded guilty to all counts except Count VI of the Superseding Indictment for possessing a firearm on February 12, 2010.  The Government dismissed Count VI which would have carried a consecutive 25-year mandatory minimum sentence with the sentences on the five other counts.  The parties agreed on and this court imposed a sentence of 180 months.

Mitchell is currently serving his sentence at the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey with an estimated release date of November 19, 2022.  He submitted a request for compassionate release to the warden at FCI Fort Dix.  On April 27, 2020, the warden responded that Mitchell's request could not be assessed because he did not specify on what grounds

he wanted it to be considered.  The warden advised Mitchell that if he wished for his request to be considered he should resubmit it.[2]  On August 17, 2020, Mitchell submitted a pro se motion in this court for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  Mitchell seeks release on the ground that there exists "compelling and extraordinary circumstances which could not have been foreseen by the court at the time of sentencing."  Mitchell contends he has completed "numerous programs"[3] and obtained his GED.  He also argues he "is in imminent danger to be infected with Covid-19" because it is impossible to socially distance at FCI Fort Dix.  Mitchell's motion was received and docketed by the Clerk of Court on August 21, 2020.  The Government responded on August 31, 2020.

I

Section 18 U.S.C. § 3582(c)(1)(A)(i), as amended by Section 603(b) of the First Step Act ("FSA"), Pub. L. No. 115-391, 132 Stat. 5239 (2018), provides in relevant part:

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case--

---

2.  The record before the court does not contain a second request.  However, the Government does not argue that Mitchell failed to exhaust his administrative remedies.

3.  Mitchell does not specify what programs he has completed.

-3-

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) <u>extraordinary and compelling reasons</u> warrant such a reduction . . .
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . .

18 U.S.C. § 3582(c) (emphasis added).

The Congress directed the United States Sentencing Commission to promulgate regulations which identified what are to be considered "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c). 28 U.S.C. § 994(t). It also required that the rehabilitation of a defendant alone not be considered an extraordinary and compelling reason. <u>Id.</u>

Following this directive, the Sentencing Commission issued a policy statement which provides that a court may reduce a term of imprisonment if, after considering applicable factors set forth in 18 U.S.C. § 3553(a), the court determines that: (1)

"extraordinary and compelling reasons warrant the reduction"; (2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; (3) and "the reduction is consistent with this policy statement."  USSG § 1B1.13.

The Sentencing Commission identifies "extraordinary and compelling reasons" in Application Note 1 to USSG § 1B1.13:

> **1. Extraordinary and Compelling Reasons.**--Provided the defendant [is not a danger to the safety of any other person or to the community under 18 U.S.C. § 3142(g)], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> **(A) Medical Condition of the Defendant.**--
>
> (i) The defendant is suffering from a terminal illness . . . . (ii)(I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> **(B) Age of the Defendant.**—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

>    **(C) Family Circumstances.—**
>
>    >    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>    >
>    >    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
>    **(D) Other Reasons.**--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

It is the defendant who has the burden to show circumstances that warrant compassionate release. United States v. Heromin, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019); United States v. Stowe, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

II

As noted above, Mitchell contends in his motion that he has completed "numerous programs," obtained his GED, and is at greater risk of contracting COVID-19 due to the inability to socially distance at FCI Fort Dix. Rehabilitation of a defendant alone is not a ground for relief under 18 U.S.C. § 3582(c). See 28 U.S.C. § 994(t). Moreover, Mitchell, 32 years old, has failed to present any evidence he suffers from a terminal illness, physical or medical condition, cognitive or functional impairment, or age-related deterioration which substantially diminishes his

ability to provide self-care in prison.[4]  He argues only that due to crowding conditions at FCI Fort Dixon, he cannot properly socially distance and is therefore at greater risk of COVID-19.

Our Court of Appeals has made clear "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the Bureau of Prison]'s statutory role, and its extensive and professional efforts to curtail the virus's spread."  United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).  "Similarly, the existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner within our Circuit."  United States v. Roeder, 807 F. App'x 157, 161 n. 16 (3d Cir. 2020).

Even if Mitchell established extraordinary and compelling circumstances, the court must still consider the factors set out in 18 U.S.C. § 3553(a) before granting him compassionate release.  See 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13.

Mitchell was arrested on October 27, 2010 with 33 individually wrapped packets of heroin, 27 individually wrapped packets of crack cocaine, four handguns, and a sawed-off shotgun.

---

4.  In an interview with the United States Probation Office before his sentencing, Mitchell reported that he was in good health and did not suffer from any known medical conditions.

Two of the handguns were loaded.  Numerous rounds of ammunition were found in his possession.  While released on bail to await trial, Mitchell, undeterred by his arrest and a substantial potential sentence, was again arrested in possession of a loaded handgun and crack cocaine and heroin he intended to distribute.  It is imperative that the court protect the public from further crimes of Mitchell and that he continues to serve his sentence to reflect the seriousness of his offenses.  We find the applicable Section 3553(a) factors weigh against Mitchell's release.

      Accordingly, we will deny the Motion of Defendant Tariq Mitchell for Compassionate Release under 18 U.S.C. § 3582(c).